IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **MAQUILACERO S.A. de C.V. and TECHNICAS DE FLUIDOS S.A. de C.V.,**<br><br>　　　　　　**Plaintiffs,**<br><br>　and<br><br>**PERFILES LM, S.A. de C.V.**<br><br>　　　　　　**Consolidated Plaintiff,**<br><br>　v.<br><br>**UNITED STATES,**<br><br>　　　　　　**Defendant,**<br><br>　and<br><br>**NUCOR TUBULAR PRODUCTS INC.,**<br><br>　　　　　　**Defendant-Intervenor** | Before: Hon. Jennifer Choe-Groves<br>　　　　　　　Judge<br><br>Court No. 23-00091 |

**DEFENDANT-INTERVENOR'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION**

　　　　　　　　　　　　　　　　　　　　　　　**Alan H. Price, Esq.**
　　　　　　　　　　　　　　　　　　　　　　　**Robert E. DeFrancesco, Esq.**
　　　　　　　　　　　　　　　　　　　　　　　**Kimberly A. Reynolds, Esq.**

　　　　　　　　　　　　　　　　　　　　　　　**WILEY REIN LLP**
　　　　　　　　　　　　　　　　　　　　　　　**2050 M Street, NW**
　　　　　　　　　　　　　　　　　　　　　　　**Washington, DC 20036**
　　　　　　　　　　　　　　　　　　　　　　　**(202) 719-7000**

　　　　　　　　　　　　　　　　　　　　　　　*Counsel to Nucor Tubular Products Inc.*

**April 3, 2025**

**Consol. Ct. No. 23-00091**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...........................................................................................................1

II.  THE REMAND REDETERMINATION RESPONDS TO THE COURT'S
     ORDER, IS IN ACCORDANCE WITH LAW AND IS SUPPORTED BY
     SUBSTANTIAL EVIDENCE........................................................................................1

III. CONCLUSION................................................................................................................6

**Consol. Ct. No. 23-00091**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Diversified Prods. Corp. v. United States*,
    6 CIT 155, 572 F. Supp. 883 (1983)......................................................................................4

*Mitsubishi Elec. Corp. v. United States*,
    12 CIT 1025, 700 F. Supp. 538 (1988)..................................................................................4

*Roquette Freres v. United States*,
    7 CIT 88, 583 F. Supp. 599 (1984)........................................................................................4

*Royal Bus. Machs. v. United States*,
    1 CIT 80, 507 F. Supp. 1007 (1980)......................................................................................4

*Saha Thai Steel Pipe Pub. Co. v. United States*,
    101 F.4th 1310 (Fed. Cir. 2024) ............................................................................................5

*Stein Indus. Inc. v. United States*,
    365 F. Supp. 3d 1364 (Ct. Int'l Trade 2019) .........................................................................3

*Torrington Co. v. United States*,
    14 CIT 507, 745 F. Supp. 718 (1990)....................................................................................4

**Regulations**

19 C.F.R. § 351.225(k)(1)................................................................................................................2

19 C.F.R. § 351.401(f)(1) ...............................................................................................................5

**Consol. Ct. No. 23-00091**

I. **INTRODUCTION**

On behalf of Nucor Tubular Products Inc. ("Nucor Tubular"), we hereby submit comments on the U.S. Department of Commerce's (the "Department") January 2, 2025 remand redetermination pursuant to the Court remand. Final Results of Remand Redetermination, *Maquilacero S.A. de C.V. and Tecnicas de Fluidos S.A. de C.V., Perfiles LM, S.A. de C.V. v. United States*, Consol. Court No. 23-00091, Slip Op. 24-107 (Ct. Int'l Trade Oct. 4, 2024) (Jan. 2, 2025), ECF No. 61 ("Remand Redetermination"); *see also Maquilacero S.A. de C.V. and Tecnicas de Fluidos S.A. de C.V., Perfiles LM, S.A. de C.V. v. United States*, Consol. Court No. 23-00091, slip op. 24-107 (Ct. Int'l Trade Oct. 4, 2024), ECF No. 56 ("CIT's Opinion and Remand Order"). These comments are timely filed. Amended Scheduling Order (Mar. 17, 2025), ECF No. 71. For the reasons provided below, Nucor Tubular agrees with the Department's Remand Redetermination, and urges the Court uphold the Remand Redetermination. More specifically, to uphold the Department's determination that (1) Tecnicas de Fluidos S.A. de C.V.'s ("TEFLU") products are within the scope of the *Order*, and that (2) consistent with its prior 2018-2019 final results, that Maquilacero S.A. de C.V. ("Maquilacero") and TEFLU continue to be collapsed and treated as a single entity. *See generally* Remand Redetermination. The Department's Remand Redetermination is consistent with the Department's regulations, is based on substantial evidence, and appropriately responds to the opinion and remand order issued by the U.S. Court of International Trade ("CIT") on October 4, 2024.

II. **THE REMAND REDETERMINATION RESPONDS TO THE COURT'S ORDER, IS IN ACCORDANCE WITH LAW AND IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

In the Remand Redetermination, the Department properly revisited its determination to find that TEFLU's products are within the scope of the *Order*. Consistent with the CIT's October 4, 2024 Opinion and Remand Order, the Department evaluated TEFLU's products pursuant to the

1

analysis under 19 C.F.R. § 351.225(k)(1), record evidence, and the physical and chemical characteristics defined in the scope to determine that TEFLU's products are within the scope of the *Order*. *Id.* at 5-19. Moreover, the Department correctly continued to find that Maquilacero and TEFLU remain collapsed entities. *Id.* at 19.

Specifically, the Court instructed the Department reconsider whether the scope language was ambiguous as it pertained to further processed products, and thus analyze whether TEFLU's products were within the scope of the *Order* based on examining the materials identified under 19 C.F.R. § 351.225(k)(1). CIT's Opinion and Remand Order at 33-36. In its Remand Redetermination, the Department found that the scope was ambiguous as it related to further processed products, and accordingly analyzed TEFLU's products pursuant to the factors and materials set out in 19 C.F.R. § 351.225(k)(1). Remand Redetermination at 6-11. After examining the (k)(1) materials, the Department correctly found that the scope of the original investigation contemplated that further processed products are within the scope of the *Order*. *Id.* at 6-7.[1] For example, among other evidence, the Department highlighted that the "ITC {} specifically noted that LWRPT may be modified to meet design criteria for specific applications and that LWRPT from one source may not be readily interchangeable with LWRPT from another source *after bending or other fabrication*, while still being considered LWRPT." *Id.* at 8 (citing *Light-Walled Rectangular Pipe and Tube from Turkey*, Inv. No. 731-TA-1121, USITC Pub. 4001 (May 2008) (Final) at I-12). Further, the Department detailed that "made to order LWRPT sold to OEM customers was a channel of distribution identified in {the Department}'s original investigation."

---

[1] Listing the following materials: "(A) the descriptions of the merchandise contained in the petition pertaining to the order at issue; (B) the descriptions of the merchandise contained in the initial investigation pertaining to the order at issue; (C) previous or concurrent determinations of the Secretary, including prior scope rulings, memoranda, or clarifications pertaining to both the order at issue, as well as other orders with same or similar language as that of the order at issue; and (D) determinations of the ITC pertaining to the order at issue, including reports issued pursuant to the ITC's initial investigation." Remand Redetermination at 6-7.

2

**Consol. Ct. No. 23-00091**

*Id.* at 16.  Based on evidence found in the (k)(1) sources, the Department found that scope could be reasonably interpreted to include TEFLU's further processed products.  *Id.* at 10.  The Department also correctly found that the (k)(1) sources were dispositive, and accordingly an additional examination of the factors under (k)(2) was unnecessary.  *Id.* at 10-11.

The Department likewise correctly found that the physical characteristics of TEFLU's products do not remove them from the scope of the *Order*.  Specifically, the Department found that record evidence submitted by Maquilacero/TEFLU demonstrates that TEFLU's products "have a rectangular cross section, even if they are bent, drilled, or pressed."  *Id.* at 13.  Further, consistent with the Court's Remand Order, the Department clearly distinguished the light-walled rectangular pipe and tube ("LWRPT") products that the Department found to be out of scope in *Stein Industries* from TEFLU's products because unlike in *Stein*, TEFLU's products do not combine or add other products to the LWRPT part.  *Id.* at 11-13, 16-17; *see, e.g.*, *Stein Indus. Inc. v. United States*, 365 F. Supp. 3d 1364 (Ct. Int'l Trade 2019).  Specifically, they do not include two other parts welded to an LWRPT bar.  Remand Redetermination at 12-13; *see also* CIT's Opinion and Remand Order at 29-30.

Additionally, the Department correctly points out that "Maquilacero/TEFLU's request concerns TEFLU's products generally."  Remand Redetermination at 13.  The Department correctly explains that based on the rather limited record evidence submitted by Maquilacero/TEFLU, the Department "cannot consider TEFLU's products more granularly" since it is not clear whether the specific examples of products Maquilacero/TEFLU point to "are representative of the products and processing in this product list and to what extent."  *Id.* at 17.  However, the Department correctly finds that record evidence, the language of the scope, and the (k)(1) materials, demonstrate that the product examples on the record are within the scope of the

3

**Consol. Ct. No. 23-00091**

*Order*. *Id.* at 6-19. This analysis and finding is consistent with the Court's remand order. CIT'S Opinion and Remand Order at 29-30.

Further, the Department correctly recognized that "HTSUS subheadings are not dispositive as to whether products are covered by the scope of *Order*." Remand Redetermination at 16. However, consistent with the Court's instructions, the Department explained that the record evidence demonstrates that TEFLU's products, albeit further processed, meet the physical and chemical definitions of the scope, and are thus covered by the scope. *Id.* at 17-18. Defendant-Intervenor submits that considering the HTSUS code of a product in question as dispositive when analyzing whether a product is within the scope of an antidumping or countervailing duty order, would upend decades of Department practice and jurisprudence from the CIT and the Federal Circuit. This could also lead to increased instances of circumvention.

For example, in *Torrington*, the Court cited several cases from this Court that confirm this principal. Specifically, the Court stated that "it is well settled that a tariff classification by the Customs Service does not govern an antidumping determination regarding class or kind." *Torrington Co. v. United States*, 14 CIT 507, 512, 745 F. Supp. 718, 722 (1990); *Mitsubishi Elec. Corp. v. United States*, 12 CIT 1025, 1043-44, 700 F. Supp. 538, 553-54 (1988); *Roquette Freres v. United States*, 7 CIT 88, 95, 583 F. Supp. 599, 605 (1984); *Diversified Prods. Corp. v. United States*, 6 CIT 155, 159, 572 F. Supp. 883, 887 (1983); *Royal Bus. Machs. v. United States*, 1 CIT 80, 87, 507 F. Supp. 1007, 1014 (1980). The Court went on to say that "{i}t is the responsibility of ITA to interpret the term class or kind in such a way as to comply with the mandates of the antidumping laws, not the classification statutes. A product's tariff classification is merely of peripheral interest to suggest the general nature of a good." *Torrington Co.*, 14 CIT at 512-13, 745 F. Supp at 722.

4

**Consol. Ct. No. 23-00091**

Accordingly, while the extent of further processing could potentially bring a product outside of the scope of an order if that product no longer met the physical or chemical characteristics of the scope, that the product was classified under an HTSUS not listed in the scope would not govern the Department's analysis. This makes sense because if an HTSUS was found to be dispositive in a scope analysis, a product that meets the scope's language would suddenly fall outside of it simply because of the HTSUS code. As the Department expressed in the Remand Redetermination, the agency is "concerned that a finding that further processed products are outside the scope of the *Order* despite falling under the scope's language would invite the potential for circumvention." Remand Redetermination at 18. Accordingly, such an exclusion could undermine the effectiveness of the antidumping and countervailing duty laws, and deprive "the domestic industry of the very relief from harm posed by unfairly traded imports{.}" *Id.* (citing *Saha Thai Steel Pipe Pub. Co. v. United States*, 101 F.4th 1310, 1331 (Fed. Cir. 2024)).

Finally, consistent with the Court's remand order, Remand Order at 37-38, because the Department correctly finds that TEFLU's products are covered by the *Order*, the Department continues to find that TEFLU and Maquilacero export similar merchandise to the United States and thus met the requirements for collapsing under 19 C.F.R. § 351.401(f)(1). Remand Redetermination at 19.

**Consol. Ct. No. 23-00091**

### III. CONCLUSION

Defendant-Intervenor respectfully requests that the Court uphold the Department's Remand Redetermination, which properly determines that TEFLU's products are within the scope of the *Order* and accordingly, that Maquilacero and TEFLU should also remain collapsed.

Respectfully submitted,

*/s/ Robert E. DeFrancesco*
Alan H. Price, Esq.
Robert E. DeFrancesco, Esq.
Kimberly A. Reynolds, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Tubular Products Inc.*

Dated: April 3, 2025

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Defendant-Intervenor Nucor Tubular Products Inc's Comments in Support of Remand Redetermination, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 1,587 words.

       /s/ Robert E. DeFrancesco
(Signature of Attorney)

    Robert E. DeFrancesco
(Name of Attorney)

   Nucor Tubular Products Inc.
(Representative Of)

   April 3, 2025
(Date)